**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAYMUNDO I. AGUILAR,**

      **Plaintiff,**

      **v.**                             **CASE NO.  23-3136-JWL**

**SHANNON WILSON, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Raymundo I. Aguilar is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff asserts claims of malicious prosecution, abuse of process, false imprisonment, and violation of his substantive due process rights. All of the claims relate to his state criminal proceedings in Case No. 22-CR-1658, in the District Court of Sedgwick County, Kansas.  Plaintiff alleges that on March 5, 2023, he was "discharged from a 23 count criminal complaint 22CR1658." (Doc. 1, at 3.)   He asserts that the defendants had previously investigated and charged him with four separate criminal cases and are "harassing Plaintiff with malice because of his marriage with a minor at the time whom they alleged to be a victim." *Id.*

Plaintiff names as defendants: Shannon Wilson, Assistant District Attorney; Moriah Plowden, Assistant District Attorney; Troy Bussard, EMCU Detective; Angelique Farris, Detention Corporal; Jason Neil, Detention Corporal; Lanetta Hairston, Detention Sergeant; George Berry, Detention Deputy; Melissa Aguinaga, Detention Deputy; Eric Dietrich, Detention Deputy; Jesse Warren, Detention Deputy; and Jeff Easter, Sheriff.  Plaintiff seeks damages and unspecified injunctive relief.  *Id*. at 8.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Immune Defendants

Plaintiff names two county prosecutors as defendants.  Plaintiff's claims against the county prosecutors fail on the basis of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against the county prosecutors should not be dismissed based on prosecutorial immunity.

Plaintiff has also named as defendants an Exploited and Missing Children Unit ("EMCU") detective and several SCJ officers who allegedly investigated him.  The Tenth Circuit has held that "prosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature." *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006) (citing *Roberts v. Kling*, 144 F.3d 710, 711 (10th Cir. 1998)).  "An investigator who prepares a criminal complaint and seeks an arrest warrant is therefore entitled to absolute immunity." *Id*.  Immunity is determined by "the nature of the function [the defendant] performed, not the identity of the actor who performed it." *Id*. (citing *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005)).

### 2. Failure to State a Claim under § 1983

Plaintiff's primary claim is for malicious prosecution.  The Tenth Circuit has recognized a

Fourth Amendment § 1983 claim grounded in malicious prosecution. *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017). There are five elements required for such a claim: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id.* (citation omitted).

However, the ultimate question with a malicious prosecution claim brought under § 1983 is "whether the plaintiff has proven a *constitutional* violation." *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). "[T]hat constitutional right is the Fourth Amendment's right to be free from unreasonable seizures." *Id*. "Section 1983 does not allow plaintiffs to create a federal case out of 'every violation of state common law.'" *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017), quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004).

"Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Becker v. Kroll*, 494 F.3d 904, 914–15 (10th Cir. 2007), quoting *Brower v. County of Inyo,* 489 U.S. 593, 596 (1989). Here, Plaintiff was not arrested or incarcerated on the charges because it appears he was already in jail on the basis of other criminal charges. He was never "seized" based on Case No. 22-CR-1658. Even if, as Plaintiff claims, the charges in 22-CR-1658 were baseless because of his marriage, "[a] groundless charging decision . . . does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty." *Id*. at 915.

Plaintiff's malicious prosecution claim also fails because there is no indication that any defendant acted with malice. Malice is shown if the primary motive of the defendant was a motive other than a motive to bring to justice a person thought to have committed a crime. *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1124 (D. Colo. 2014), *aff'd in part, appeal dismissed in part,* 810

F.3d 750 (10th Cir. 2016).  Plaintiff's conclusory allegation that the defendants acted "out of spite" (Doc. 1, at 5) is insufficient, in and of itself, to satisfy this element.  *See Myers v. Koopman,* 2010 WL 3843300, at *4 (D. Colo. Aug. 27, 2010) (explaining that allegations of malice must not be general or conclusory).

As for Plaintiff's § 1983 false imprisonment claim, the lack of seizure is also fatal to that claim.  *See* <u>Margheim</u>, 855 F.3d at 1085, quoting *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) ("Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims.")

Plaintiff also attempts to bring a substantive due process claim.  The Tenth Circuit has said that "[o]ur cases recognize a § 1983 claim for a violation of Fourteenth Amendment substantive due process rights in the narrowest of circumstances. The conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power ... [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'"  *Becker*, 494 F.3d at 922–23, quoting *Livsey v. Salt Lake County,* 275 F.3d 952, 957–58 (10th Cir. 2001).  Plaintiff does not allege the type of "substantial deprivation" that rises to the level of a substantive due process violation.  *See id*.

In addition, Plaintiff has failed to state a claim under federal law for abuse of process. "Abuse of process is concerned with the misuse of process that was 'justified in itself, for an end other than that which it was designed to accomplish.'"  *Hall v. Hupp*, 523 F. App'x 521, 524 (10th Cir. 2013).  As with claims for malicious prosecution, state law provides the elements for a claim of abuse of process under § 1983.  *See Cook v. Sheldon,* 41 F.3d 73, 79–80 (2d Cir. 1994).  Under Kansas law, an "ulterior motive or purpose" is an essential element of the tort of abuse of process.

*Good v. Board of County Com'rs of County of Shawnee, Kan.*, 331 F. Supp. 2d 1315, 1330 (D. Kan 2004).  Plaintiff has not alleged any facts showing that the defendants conspired to prosecute him with an ulterior or improper motive separate from the desire to obtain convictions.  Plaintiff's allegations are properly analyzed in terms of an attempt to plead a claim for malicious prosecution.  *See Wolford v. Lasater,* 78 F.3d 484, 490 (10th Cir. 1996) (explaining differences between abuse of process and malicious prosecution and holding that challenge to allegedly baseless criminal prosecution is more appropriately characterized as claim for malicious prosecution).

Last, Plaintiff's claim for damages is barred.  Section 1997e(e) provides in pertinent part:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  This provision bars a prisoner from bringing a claim for compensatory damages without a prior showing of a physical injury.  *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999).  Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).  Plaintiff's request for damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e).  Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights.

In summary, the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.

### 3.  Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3), arguing that he has been unable to obtain counsel.  The Court has considered Plaintiff's motion for appointment of counsel.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 1, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated August 1, 2023, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**